IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DAVID GARLAND ATWOOD, II**                                                         **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO: 1:16cv105-SA-DAS**

**MIKE CHENEY,**
**ET AL.**                                                                     **DEFENDANTS**

## ORDER

This matter is before the court on Mississippi Farm Bureau Casualty Insurance Company's motion [1] to quash plaintiff's subpoena duces tecum. Plaintiff's subpoena was issued by this court and required Farm Bureau to produce "[a]ny documents, records, photos, or other information showing any increase in insurance coverage or any request for increased coverage on the Atwood Lakehouse property during the year before the fire on 11-11-2009; address 10859 Attala Road, 4202, Kosciusko, Mississippi 39090 owned by Emmett Atwood."

Farm Bureau's principal place of business is Jackson, Mississippi, and that is where the information sought is currently located. As a consequence, this court previously had to deny Farm Bureau's motion to quash because it had to be filed with the court in the district where compliance is required. Fed. R. Civ. P. 45(d)(3)(a). Thereafter, Farm Bureau filed the present motion with the United States District Court for the Southern District of Mississippi. Because Farm Bureau consented to having the motion transferred back to the issuing court, the United States District Court for the Southern District of Mississippi ordered [7] its transfer pursuant to Federal Rule of Civil Procedure 45(f). Farm Bureau's motion to quash is now properly before this court.

As grounds for quashing plaintiff's subpoena, Farm Bureau first argues it is defective because it demands production of documents from "Farm Bureau Insurance," which Farm Bureau claims is a non-existent entity. Farm Bureau's motion also lists the full gambit of legal boilerplate, such as the subpoena is overly broad, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, seeks information that was prepared in anticipation of litigation, etc. Notably, Farm Bureau's motion fails to provide the court with any precedent or analysis to support its barrage of defenses. Furthermore, Farm Bureau has not contested that it was, in fact, the insurer of the property at issue in this action. The court also notes plaintiff is proceeding *pro se*. As a consequence, his pleadings, as well as the subpoena at issue here, are subject to less scrutiny than those drafted by an attorney. Because the information being sought is highly relevant to plaintiff's remaining claim against James Jackson, the court finds that Farm Bureau's motion to quash should be denied.

IT IS, THEREFORE, ORDERED that Mississippi Farm Bureau Casualty Insurance Company's motion to quash is denied, and it shall provide plaintiff with the information sought in his subpoena duces tecum.

SO ORDERED this, the 4th day of August, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE